UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DORIS FORD, ET AL., <br><br> Plaintiffs, <br> v. <br><br> BRANDON SIMS, ET AL., <br><br> Defendants. | 3:12-cv-67 (CSH) |

**MEMORANDUM AND ORDER**

<u>HAIGHT</u>, Senior District Judge:

Plaintiffs bring this Complaint against seven defendants, alleging claims under state common law (Counts One through Four, Six and Seven), the federal wire fraud statute, 18 U.S.C. § 1343 (Counts Five and Eight), and Connecticut statutes (Counts Nine and Ten). However, Plaintiffs do not allege a proper basis for this Court to exercise subject-matter jurisdiction over this matter. Even when no party has questioned the Court's subject-matter jurisdiction, the Court must dismiss an action *sua sponte* when such jurisdiction is lacking. *Endicott Johnson Corp. v. Liberty Mut. Inc. Co.*, 116 F.3d 53, 58 (2d. Cir. 1997).

A federal court possesses subject-matter jurisdiction only when either: (1) the plaintiff sets forth a colorable claim arising under the federal Constitution or a federal statute, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between the plaintiff and all defendants. 28 U.S.C. § 1332 (a)(1).

Plaintiffs invoke federal-question jurisdiction by including in the Complaint two claims under the federal wire fraud statute, 18 U.S.C. § 1343, for violation of that statute and for

1

conspiracy to violate it.  However, there is no private cause of action either for violation of the wire fraud statute, or for conspiracy to violate the wire fraud statute.  *Raffaele v. Designers Break, Inc.*, 750 F.Supp. 611, 612 (S.D.N.Y. 1990).  Thus, these claims provide no basis for this Court's jurisdiction.  Plaintiffs' claims under Connecticut statutes (Counts Nine and Ten) do not confer subject-matter jurisdiction on a federal court.  *Summers v. Marin County Recorders' Office*, 2009 WL 1096274, at *1 n. 3 (N.D.Cal. April 22, 2009).

Plaintiffs also claim diversity jurisdiction.  Complaint at 2.  However, Plaintiffs do not allege complete diversity of the parties, as a complaint must to create such jurisdiction.  *See, e.g., Handelsman v. Bedford Village Assocs. Ltd. Partnership,* 213 F.3d 48, 51-52 (2d Cir. 2000).  On the contrary, Plaintiffs' only relevant allegations are that they and all but one of Defendants are residents of or located in the State of Connecticut.  Complaint at 2-3.  Thus, this Court does not have jurisdiction over this action based on diversity of citizenship.

The Court lacks subject-matter jurisdiction and hence DISMISSES the action without prejudice.  The Clerk is directed to close the file.

It is SO ORDERED.
Dated: New Haven, Connecticut
           January 23, 2012

                                                                   /s/_____
                                                                  Charles S. Haight, Jr.
                                                                  Senior United States District Judge