UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DORIS FORD, ET AL., <br><br> Plaintiffs, <br> v. <br><br> BRANDON SIMS, ET AL., <br><br> Defendants. | 3:12-cv-67 (CSH) |

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

Plaintiffs bring this Complaint against seven defendants, alleging claims under state common law (Counts One through Four, Six and Seven), the federal wire fraud statute, 18 U.S.C. § 1343 (Counts Five and Eight), and Connecticut statutes (Counts Nine and Ten). However, Plaintiffs do not allege a proper basis for this Court to exercise subject-matter jurisdiction over this matter. Even when no party has questioned the Court's subject-matter jurisdiction, the Court must dismiss an action *sua sponte* when such jurisdiction is lacking. *Endicott Johnson Corp. v. Liberty Mut. Inc. Co.*, 116 F.3d 53, 58 (2d. Cir. 1997).

A federal court possesses subject-matter jurisdiction only when either: (1) the plaintiff sets forth a colorable claim arising under the federal Constitution or a federal statute, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between the plaintiff and all defendants. 28 U.S.C. § 1332 (a)(1).

Plaintiffs invoke federal-question jurisdiction by including in the Complaint two claims under the federal wire fraud statute, 18 U.S.C. § 1343, for violation of that statute and for

conspiracy to violate it. However, there is no private cause of action either for violation of the wire fraud statute, or for conspiracy to violate the wire fraud statute. *Raffaele v. Designers Break, Inc.*, 750 F.Supp. 611, 612 (S.D.N.Y. 1990). Thus, these claims provide no basis for this Court's jurisdiction. Plaintiffs' claims under Connecticut statutes (Counts Nine and Ten) do not confer subject-matter jurisdiction on a federal court. *Summers v. Marin County Recorders' Office*, 2009 WL 1096274, at *1 n. 3 (N.D.Cal. April 22, 2009).

Plaintiffs also claim diversity jurisdiction. Complaint at 2. However, Plaintiffs do not allege complete diversity of the parties, as a complaint must to create such jurisdiction. *See, e.g., Handelsman v. Bedford Village Assocs. Ltd. Partnership,* 213 F.3d 48, 51-52 (2d Cir. 2000). On the contrary, Plaintiffs' only relevant allegations are that they and all but one of Defendants are residents of or located in the State of Connecticut. Complaint at 2-3. Thus, this Court does not have jurisdiction over this action based on diversity of citizenship.

The Court lacks subject-matter jurisdiction and hence DISMISSES the action without prejudice. The Clerk is directed to close the file.

It is SO ORDERED.
Dated: New Haven, Connecticut
        January 23, 2012

                                    /s/_____
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge